IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FAENKOVA ELENA VALENTINOVNA, | |
| Plaintiff, | Case No. 25-cv-1854 |
| v. | (Judge Hornak) |
| SCHEDULE A DEFENDANTS, | |
| Defendants. | |

**PLAINTIFF'S SUPPLEMENTAL SUBMISSION
IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

The plaintiff, Faenkova Elena Valentinovna ("Valentinovna"), hereby submits this supplemental submission in support of her Motion for Preliminary Injunction. The Court requested that Valentinovna's supplemental submission address four enumerated questions. These questions and Valentinovna's responses appear below.

1. **Whether Plaintiff has previously brought any action, claim or proceeding in any court or tribunal against any named Defendant wherein Plaintiff sought to enforce the involved copyrights/trademarks/patents, identifying the tribunal, type of claim, and case number of any such action and advising the Court as to its current status.**

   Valentinovna has not previously brought any action, claim, or proceeding in any court or tribunal in which she has sought to enforce the same copyright against any of the Defendants in this action.

2. **For any such action identified in (1), state the number of Defendants currently enjoined by any form of equitable relief for alleged infringement or violation of the interest at issue in this action.**

   N/A

3. **To the extent the Plaintiff seeks or will seek authorization for alternative service of process or other papers, the Plaintiff shall file a statement of position as to the applicability of the reasoning in Smart Study, Co., No. 24-313, 2025 WL 3672740 (2d Cir. Dec. 18, 2025) to such request, and advise the Court how any future Order should proceed so as to conform to applicable law. In the alternative, to the extent that the Plaintiff is not seeking alternative service the Plaintiff shall explicitly so state.**

Valentinovna has sought authorization to serve the Defendants both by email and website publication. With respect to the Court's question about the applicability of *Smart Study* to that request, the answer depends on the stage of the proceedings. The motion presently before the Court is one seeking a preliminary injunction. Rule 65(a) of the Federal Rules of Civil Procedure requires "notice" to the defendants, but not formal service of process. Fed. R. Civ. Pro. 65(a)(1); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978) ("Rule 65(a) does not require service of process. The Rule does require notice to the adverse party.").

Valentinovna has provided notice to the Defendants of her motion for a preliminary injunction by email. Email is the absolute best and fastest way to provide notice to Chinese entities selling goods on platforms like Amazon, Walmart, and Temu. The addresses and entity names they provide to the platforms are often fake, but they communicate with the platform by email and thus need to provide working email addresses. Accordingly, Valentinovna's request for alternative service of process is not implicated by Valentinovna's motion for a preliminary injunction and the Court may proceed to adjudicate that motion.

Formal service of process is required for a permanent injunction or other form of final judgment. *Smart Study* addresses the potential application of the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (the "Hague Convention") to email service on Chinese defendants like those in this matter.

In *Smart Study*, the plaintiff brought an action against a number of sellers on the Amazon.com marketplace. The district court granted both an *ex parte* temporary restraining order and a preliminary injunction. As is usual in these types of cases, the plaintiff voluntarily dismissed the action against some of the defendants (presumably because a settlement was reached) and then moved for default judgment against the remaining 51 defendants who had defaulted. The district court had originally authorized service by email but then revisited the issue at the default judgment stage, evaluating whether email service was proper under the Hague Convention. As to 49 of the 51 remaining defendants, the district court found that the Hague Convention did not apply because their addresses were unknown, and therefore entered default judgments against those defendants. The addresses of two of the defaulting defendants was known, however, and the district court held that service by email on a Chinese defendant was not authorized under the Hauge Convention. The plaintiff appealed this holding.

The Second Circuit affirmed the district court's rulings in their entirety. Thus, according to the Second Circuit, service by email is appropriate at the TRO and preliminary injunction stage, and is appropriate at the default judgment stage for defendants whose addresses are unknown. For the rare Chinese infringer who provides Amazon with a legitimate business name and address, service by email is not allowed in the Second Circuit.

The Second Circuit's view on whether a court may authorize service by email on a Chinese defendant with a known address, however, is not universally accepted. Because the Court did not request a full briefing of this issue, Valentinovna's will not include a discussion of that conflicting case law here, but would be happy to provide it when this case reaches the default judgment stage or at any other time that it would be helpful to the Court.

4. **The Plaintiff shall supply the Court with information pertaining to: (a) the aggregate amount of assets frozen pursuant to any Order of this Court; (b) the average dollar amount frozen per defendant; (c) the smallest and largest amounts so frozen, along with the identities of those corresponding defendants; and (d) the identities of any Defendant with cumulative assets frozen of $10,000 or greater, and the corresponding amount.**

Valentinovna currently has a Motion to Reduce Asset Restraint pending that seeks to reduce the asset restraint for each of the three largest amounts frozen to $150,000 (maximum statutory damages). Valentinovna now sets forth the requested information as to both the initial amounts frozen and the amounts that will be frozen if the pending Motion is granted.

Initial Amounts:

(i) The aggregate amount of assets frozen is frozen is $4,604,604.44;

(ii) the average amount frozen per defendant is $11,746.44;

(iii) the smallest amount frozen is -$455.88 (Def. No. 179, wangbaoquan) and the largest amount frozen is $2,227,414.58 (Def. No. 63, erosebridal); and

(iv) The defendants that have an asset freeze in an amount greater than $10,000 are:

| No. Defendant | Seller Name | Amount Frozen (USD) |
|---|---|---|
| 63 | erosebridal | $2,227,414.58 |
| 92 | zanlin | $857,505.48 |
| 258 | ShoPen | $251,780.81 |
| 250 | Axolotl-US | $120,676.78 |
| 42 | Yuihome | $87,247.38 |
| 284 | Yuwouni | $70,937.69 |
| 86 | PALETTE SUPPLY | $53,250.95 |

| No. Defendant | Seller Name | Amount Frozen (USD) |
|---|---|---|
| 208 | JHKKU-M | $42,715.22 |
| 52 | Fopica Laundry Bag | $38,023.28 |
| 51 | Decaistore | $30,420.03 |
| 251 | CaLen | $28,250.08 |
| 44 | ALAZA | $25,963.79 |
| 120 | W6Design | $24,546.51 |
| 16 | Kurtect | $24,116.57 |
| 22 | DDCBNS Store | $23,860.61 |
| 299 | Leyu-US | $22,353.66 |
| 90 | YETTASBIN | $20,563.24 |
| 161 | Blueangle | $19,743.53 |
| 205 | JHKKU | $19,185.56 |
| 259 | LanKen | $16,666.47 |
| 204 | Vosery | $15,013.42 |
| 1 | yoyoto | $14,061.57 |
| 305 | Home Boutique Corner | $13,598.49 |
| 76 | Yongxin Leqi | $10,794.89 |
| 119 | SLHKPNS | $10,522.53 |
| 339 | Yueyue processing plant local | $10,206.07 |

<u>If Pending Motion is Granted</u>:

(i)     The aggregate amount of assets frozen is frozen is $1,717,903.57;

(ii)    the average amount frozen per defendant is $5,067.56;

(iii)   the smallest amount frozen is -$40.72 (Def. No. 4, Dream in Sky-shops) and the largest amount frozen is $150,000.00 (Def. No. 63, erosebridal; Def. No. 92, zanlin; and Def. No. 258, ShoPen); and

(iv)    Those defendants that have an asset freeze in an amount greater than $10,000 are:

| No. Defendant | Seller Name | Amount Frozen (USD) |
|---|---|---|
| 63 | erosebridal | $150,000.00 |
| 92 | zanlin | $150,000.00 |
| 258 | ShoPen | $150,000.00 |
| 250 | Axolotl-US | $120,676.78 |
| 42 | Yuihome | $87,247.38 |
| 284 | Yuwouni | $70,937.69 |
| 86 | PALETTE SUPPLY | $53,250.95 |
| 208 | JHKKU-M | $42,715.22 |
| 52 | Fopica Laundry Bag | $38,023.28 |
| 51 | Decaistore | $30,420.03 |
| 251 | CaLen | $28,250.08 |
| 44 | ALAZA | $25,963.79 |
| 120 | W6Design | $24,546.51 |
| 16 | Kurtect | $24,116.57 |
| 22 | DDCBNS Store | $23,860.61 |

| No. Defendant | Seller Name | Amount Frozen (USD) |
|---|---|---|
| 299 | Leyu-US | $22,353.66 |
| 90 | YETTASBIN | $20,563.24 |
| 161 | Blueangle | $19,743.53 |
| 205 | JHKKU | $19,185.56 |
| 259 | LanKen | $16,666.47 |
| 204 | Vosery | $15,013.42 |
| 1 | yoyoto | $14,061.57 |
| 305 | Home Boutique Corner | $13,598.49 |
| 76 | Yongxin Leqi | $10,794.89 |
| 119 | SLHKPNS | $10,522.53 |
| 339 | Yueyue processing plant local | $10,206.07 |

Respectfully submitted,

Dated: March 9, 2025

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile

Attorneys for Plaintiff